# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID GRANT, SR., | CASE NO. 1:10-cv-01608-LJO-SKO PC |
| Plaintiff, | SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| WARDEN, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Michael David Grant, Sr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 7, 2010.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

1 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.    Plaintiff's Complaint

### A.    Summary of Allegations

Plaintiff, who is currently incarcerated at Desert View Modified Community Correctional Facility in Adelanto, brings this action against prison officials for allegedly violating his constitutional rights in 2010 while he was confined at California Correctional Institution (CCI) in Tehachapi. Plaintiff's claims arise from various conditions of confinement to which he was subjected while at CCI and from the failure to properly apply time credits to his sentence.

Plaintiff alleges that Defendants Camarillo and Frazier, who were correctional officers, violated his rights when they threw away a legal letter Plaintiff gave them to mail to the Internal Revenue Service. Defendants Camarillo and Frazier also refused to allow Plaintiff to shower for two weeks, purportedly because the prison was on water restriction. However, no memorandum to that effect from the warden was ever posted and inmate porters were allowed to shower daily.

Plaintiff further alleges that Defendants Camarillo and Frazier allowed inmates who had not been cleared by the medical department for food handling to serve meals to other inmates and one inmate server working the line was positive for tuberculosis. Finally, Plaintiff alleges that Defendants Camarillo and Frazier forced him to use inmate showers which were filthy and infested

with black mold, and they housed him in a dayroom that was not designed for inmate housing and lacked fire sprinklers.

Plaintiff alleges that Defendant Warden Doe forced him to live in housing units in which the plumbing pipes were wrapped in asbestos, and that Warden Doe allowed inmate workers to handle food and work in the kitchen without clearance from the medical department.

Plaintiff alleges that Defendant Uzzle, a correctional officer, violated his rights by turning the air conditioning down to 45 degrees at night, when it was already cold, and turning the heater up to 90 degrees during the day, when it was already hot.

Finally, Plaintiff alleges that Defendants Warden Doe and Ramos violated his rights by failing to properly apply time credits toward the completion of his sentence.

### B. Claims Against Defendants Camarillo, Frazier, Warden, and Ramos

#### 1. First Amendment - Mail Tampering

Prisoners have a protected right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, an isolated incident of mail interference or tampering will not support a claim under section 1983. Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003). Here, Defendants Camarillo and Frazier threw away a piece of outgoing mail on one occasion and there is no suggestion in the record that Plaintiff was prevented from contacting the Internal Revenue Service by mail. While Defendants' behavior was juvenile *at best*, their conduct did not rise to the level of a constitutional violation given the isolated nature of the incident. Davis, 320 F.3d at 351. Accordingly, Plaintiff's First Amendment claim fails.

#### 2. Eighth Amendment - Conditions of Confinement

##### a. Standard

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth

Amendment, Plaintiff must allege facts sufficient to support a claim that Defendants knew of and disregarded a substantial risk of serious harm to Plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

### b.   **Objective Element**

The violation of state law provides no basis for the imposition of liability under section 1983. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Therefore, Plaintiff's citation to various state regulations is of no assistance to him in supporting his constitutional claims. Rather, to state a claim for violation of the Eighth Amendment, the conditions complained of must be objectively grave. Hudson, 503 U.S. at 9.

Without question, the failure to allow inmates to maintain basic hygiene; the exposure to asbestos fibers, inmates with communicable diseases, and mold; and inadequate building safety measures may be sufficient to support an Eighth Amendment claim, but it depends upon the circumstances. Here, Plaintiff's bare allegations that he was deprived of a shower for two weeks, there existed asbestos-wrapped plumbing pipes, kitchen workers were not cleared by the medical department, there was mold in the showers, and the housing unit did not have fire sprinklers are not sufficient to support a plausible claim for relief under the Eighth Amendment.

Each condition being challenged must be sufficiently serious to constitute a substantial risk of harm to Plaintiff. Hoptowit v. Ray, 682 F.2d 1237, 1254 (9th Cir. 1986) (Eighth Amendment violations may not be premised on a totality of conditions at the prison), *abrogated in part on other grounds by* Sandin v. Connor, 5154 U.S. 472, 115 S.Ct. 2293 (1995). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (2000). Although the Eighth Amendment guarantees sanitation, Johnson, 217 F.3d at 731, lack of access to the showers for two weeks, in and of itself, does not suggest that Plaintiff was unable to attend to his basic hygiene needs during that two-week period. Likewise, the existence of ///

asbestos-containing materials in the prison environment does not translate into exposure to asbestos fibers at a level sufficient to pose a substantial risk of harm to Plaintiff.

Plaintiff's allegations regarding the lack of medical clearance for kitchen workers also fall well short of demonstrating that he and other inmates were exposed to a substantial risk of harm. Plaintiff's allegation of mere exposure to an inmate who was positive for tuberculosis fails to support a claim, as Plaintiff does not allege that he developed tuberculosis or that the inmate had active tuberculosis or otherwise posed a serious risk of harm to Plaintiff. See e.g., Hassel v. Sisto, No. CIV S-10-0191 GEB CMK (TEMP) P, 2011 WL 2946370, at *1 (E.D.Cal. Jul. 21, 2011) (discussing allegations of latent versus active tuberculosis); Rounds v. Woodford, No. CIV S-05-0555 GEB GGH P, 2009 WL 1657462, at *3 (E.D.Cal. Jun. 12, 2009) (claim based on allegation of exposure to inmates who tested positive for tuberculosis not sufficient to support a claim); Poon v. California Dept. of Corrections, No. 2:06-CV-2582-DOC, 2009 WL 1405155, at *4-5 (E.D.Cal. May 19, 2009) (allegation of exposure to tuberculosis insufficient to state a claim). It appears that the inmate may have tested positive for tuberculosis, but on the spare facts set forth, all that is known is that an inmate was "positive" for tuberculosis. There is simply not enough factual detail to support a claim that Plaintiff was exposed to a substantial risk of harm.

Finally, an allegation that the housing unit lacked fire sprinklers, without more, does not support a claim. For these reasons, the Court finds that Plaintiff's allegations do not demonstrate that he was subjected to conditions sufficiently grave to support his Eighth Amendment claims.

### c.   Subjective Element

In addition to alleging sufficient facts to support a claim on the objective element of an Eighth Amendment claim, Plaintiff must show that Defendants Camarillo, Frazier, and Warden Doe knowingly disregarded the substantial risk of harm. Farmer, 511 U.S. at 837. Here, Plaintiff's complaint does not set forth any specific facts supporting the existence of an improper motive on the part of Defendants. Therefore, Plaintiff's claim also fails on the subjective element.

### 3.   Application of Time Credits

Plaintiff alleges that Defendants Warden Doe and Ramos failed to properly apply time credits to his sentence. Although the precise nature of the claim and Defendants' involvement are not clear,

5

Plaintiff may not challenge the length of his sentence in a section 1983 action. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005). Plaintiff's sole remedy for the failure to properly credit time credits to his sentence lies in habeas corpus. Wilkinson, 544 U.S. at 78. Accordingly, this claim is not cognizable.

### C. Improper Joinder of Claim Against Defendant Uzzle

Finally, Plaintiff alleges a claim against Defendant Uzzle for subjecting Plaintiff to unconstitutionally hot and cold conditions. However, Plaintiff may not bring an unrelated claim against an unrelated party in this action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Here, Plaintiff's claim against Defendant Uzzle is not properly joined with his claims against Defendants Camarillo, Frazier, and Warden Doe, and it may not be litigated in this action. Fed. R. Civ. P. 21.

### III. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129

///

6

S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Further, with respect to supervisory, managerial, or executive-level personnel, Plaintiff must still demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 2988827, at *4-5 (9th Cir. Jul. 25, 2011); Corales, 567 F.3d at 570; Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Liability may not be imposed on supervisory personnel under the theory of respondeat superior. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235.

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   September 9, 2011              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE